IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JAMES STANLEY,**<br><br>                              *Plaintiff,*<br><br>**v.**<br><br>**ENDURA PRODUCTS, LLC,**<br><br>                              *Defendant.* | **CASE NO.: 1:20-CV-945** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, James Stanley ("Stanley"), and complaining of the Defendant, Endura Products, LLC ("Endura"), alleges the following to be true:

### INTRODUCTION

**1**      This action arises from Endura's interference with Stanley's rights under the Family and Medical Leave Act and subsequent retaliatory termination.

**2**      Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

**3**      Stanley is a resident of Rockingham County, North Carolina, and is neither a minor nor incompetent.

-1-

**4**      Endura is a domestic corporation with principal offices in the Middle District of North Carolina and a registered agent in Raleigh, North Carolina.

**5**      This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

   **5.1**      28 U.S.C. § 1331, as the action arises out of 29 U.S.C. § 2601 *et seq.*;

**6**      This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

   **6.1**      Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

   **6.2**      N.C. Gen. Stat. § 1-75.4(1)(c) and (d), as Endura was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.

   **6.3**      N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Stanley's person or property.

**7**      Venue is proper in this Court pursuant to any/all of the following:

   **7.1**      28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

7.2        28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## STATEMENT OF THE FACTS

8        Stanley began working for Endura at its Stokesdale facility as a temporary worker on May 30, 2013.

9        Stanley became a full-time employee on September 9, 2013.

10        Due to gastrointestinal issues and a family history of colon cancer, Stanley made an appointment with a gastroenterologist for July 24, 2019.

11        Prior to his appointment, Stanley requested leave under the Family and Medical Leave Act and received paperwork from Endura's Human Resources department.

12        On July 24, 2019, Stanley went to the gastroenterologist, who scheduled a colonoscopy and endoscopy for September 6, 2019, because of Stanley's own gastrointestinal condition.

13        Stanley gave his gastroenterologist the FMLA paperwork to fill out and return to Endura

14        Stanley took off work from September 5 through September 6, 2019, for his colonoscopy and endoscopy.

-3-

**15**    On October 7, 2019, Stanley was called into the HR office where Destiny Sartwell ("Sartwell") told him that he was being investigated because he had FMLA on his attendance record but they did not have FMLA paperwork.

**16**    Stanley informed Sartwell that he had given his paperwork to his doctor.

**17**    Sartwell also showed Stanley a letter dated August 12, 2019, denying his FMLA leave because they did not receive his paperwork. This was the first time Stanley had ever seen this letter.

**18**    Stanley immediately called his doctor, who sent the completed FMLA paperwork to Endura that afternoon.

**19**    Stanley then confirmed with Sartwell that they had received the FMLA paperwork.

**20**    On October 17, 2020, Sartwell called Stanley into a meeting with HR Director Katie Lashley. They told Stanley that they were going to deny his FMLA, credit him 2.5 attendance points, and terminate him for attendance.

**21**    On October 21, 2020, Stanley's gastroenterologist informed Stanley that they had found and removed precancerous polyps during his colonoscopy and endoscopy.

### FIRST CAUSE
### FMLA Interference
*Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.*

**22**    Stanley was eligible for FMLA leave:

Case 1:20-cv-00945-LCB-JLW   Document 1   Filed 10/14/20   Page 4 of 7

    **22.1**      Endura had 50 or more employees within a 75-mile radius of where

        Stanley worked;

    **22.2**      Stanley had worked for Endura for at least 12 months;

    **22.3**      Stanley had worked at least 1,250 hours in the prior 12 months.

**23**     Endura was covered by the FMLA:

    **23.1**      Endura had 50 or more employees in 20 or more workweeks of the

        preceding 12 months.

**24**     Stanley was entitled to leave to care for his own serious health condition.

**25**     Stanley provided sufficient notice of his intent to take leave.

**26**     Endura denied Stanley FMLA benefits to which he was entitled.

## SECOND CAUSE
### FMLA Retaliation
*Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.*

**27**     Stanley engaged in a protected activity by requesting and using FMLA leave.

**28**     Stanley was terminated.

**29**     There is a causal connection between Stanley's termination and his FMLA

leave.

## REQUEST FOR JURY TRIAL

**1**     Plaintiff requests a trial by jury on all issues so triable.

    **WHEREFORE,** the Plaintiff respectfully requests this Court that it:

**1**      Enter Judgment for Stanley against Defendant on all causes of action

contained herein;

**2**      Award Stanley damages, including punitive damages, in an amount to be

determined at trial;

**3**      Tax the costs of this action against Defendant and award Stanley reasonable

attorney fees as permitted by law, and;

**4**      Grant such other and further relief as the Court deems just and proper.


*Respectfully submitted on this, the 14th day of October 2020,*

/S/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, I electronically filed the foregoing

Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system,

and will serve the following by Certified Mail, return receipt:

Endura Products, LLC
c/o Corporation Service Company
2626 Glenwood Ave Ste 550
Raleigh, NC 27608
*Defendant*

/S/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com